WILLIAM H. STROHMEYER (SB#202943)
Attorney at Law
41911 Fifth Street, Suite 300
Temecula, CA  92590
951/694- 5500 - Telephone
951/694- 5524 - Facsimile

Attorney for Plaintiff Americo Ascue

```
╔══════════════════════════════╗
║           FILED              ║
║        NOV 19 2010           ║
║  CLERK U.S. BANKRUPTCY COURT ║
║  CENTRAL DISTRICT OF CALIFORNIA ║
║  By:                Deputy Clerk ║
╚══════════════════════════════╝
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>KIRK LEWIS FAUSETT AND DEENA EARL FAUSETT<br><br>      Debtors,<br><br>_____<br><br>AMERICO ASCUE,<br><br>      Plaintiff,<br><br>vs.<br><br>KIRK LEWIS FAUSETT AND DEENA EARL FAUSETT,<br><br>      Defendants,<br><br>_____ | Case No.  8:09-bk-24493-TA<br>Chapter 7<br><br>Adversary Proceeding No. _____<br><br><br>COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 523(a)(6) AND FOR DECLARATORY RELIEF<br><br>DEMAND FOR JURY TRIAL<br><br>(Hearing Date to Be Set by Summons) |

Americo Ascue ("Plaintiff"), by his undersigned counsel, for his complaint against

Defendants Kirk Lewis Fausett and Deena Earl Fausett ("Defendants") alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.    This is an adversary proceeding to determine the non-dischargeability of a debt.

This adversary proceeding constitutes an action that "arises in," "arises under," or "relates to"

the Defendant's bankruptcy case.  Therefore this Court has jurisdiction over this proceeding

1    pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28

2    U.S.C. § 157(b).

3        2.        On or about December 30, 2009, Defendants filed their voluntary petition for

4    relief under Chapter 7 of Title 11of the United States Code, 11 U.S.C. § 101 *et seq.* in the

5    United States Bankruptcy Court for the Central District of California, Santa Ana Division,

6    thereby initiating Bankruptcy Case No.  8:09-bk-24493-TA.  On or about March 2, 2010, the

7    Court ordered the case dismissed based on Defendants' failure to file the necessary schedules.

8    On or about July 15, 2010, and on the eve of Plaintiff's trial against them in the Orange County

9    Superior Court, Defendants filed a motion to reopen this case, which was subsequently granted.

10       3.        Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

11                            **PARTIES**

12       4.        Plaintiff Americo Ascue is an individual residing in the State of California and a

13   creditor of Defendant.

14       5.        Defendants are debtors in Bankruptcy Case No. 8:09-bk-24493-TA, and, on

15   information and belief, at all times relevant were individuals residing in the State of California.

16                       **GENERAL ALLEGATIONS**

17       6.        Plaintiff met debtor Kirk Fausett through their common church.  Fausett told

18   Ascue that he was developing real property in Hawaii and was soliciting investors for the

19   project.  Fausett told Ascue that he was developing the property through an entity he had

20   established, Sunrise Venture Group, LLC. ("SVG").  In an effort to give his alleged enterprise

21   the veneer of legitimacy, Fausett gave investors, such as Ascue, a false address for the business

22   in a commercial development in Irvine, California.  Ascue would later discover this deceit

23   when he attempted to visit SVG at its alleged address and found no such business there.  He

24   made inquiry of some of the tenants in the complex and none had ever heard of SVG.

25       7.        In order to induce Ascue to invest in his alleged venture, Fausett offered Ascue a

26   very high rate of return on his investment of 28% and promised that the investment would be

27   safe because secured by the assets of SVG.  Fausett also assured Ascue that the SVG would

28

1    soon be profitable and able to repay any loan or investment. Based on these representations,

2    and trusting Fausett because he was from his church, Ascue drew equity from his home and lent

3    $130,000 to SVG. In exchange for these funds, SVG executed a promissory note ("Note") in

4    favor of Ascue. The Note is dated February 15, 2007 and is signed by Fausett. A true and

5    correct copy of the Note is attached hereto as Exhibit A. The Note promises a rate of return of

6    28% and payment in full of all principal and interest within one year. The Note is also secured

7    against all of "the maker's assets."

8        8.    SVG did not repay the loan. Ascue has learned that Fausett had induced other

9    church members to invest with him, making similar representations of short term, high

10   investment returns. Ascue has also learned that the business address given for SVG was false,

11   that Fausett had no experience in real property development, and that SVG, a Delaware limited

12   liability company, has never been qualified to do business in the State of California. Ascue has

13   also learned that SVG is wholly owned and controlled by Kirk and Deena Fausett and neither

14   has ever made any capital contribution to the company or that any capital contribution was

15   insubstantial or insignificant.

16       9.    Upon information and belief, the Fausetts were, in essence, running a Ponzi type

17   operation, in which the funds they obtained from Ascue and the other investors was used to

18   repay or partially repay prior "investors" while Kirk and Deena Fausett funneled much of the

19   funds to their personal use.

20       10.   On or about October 2, 2008, Ascue filed suit against SVG and the Fausetts in

21   Orange County Superior Court, alleging breach of contract. Asuce initially filed suit in pro per

22   but later obtained counsel. Counsel propounded discovery to SVG and the Fausetts, much of

23   which was designed to discover how the Fausetts had used Ascue's funds, whether SVG had

24   maintained any sort of corporate formalities, whether SVG had any books and records, and

25   whether SVG had any assets. The Fausetts and SVG steadfastly refused to provide this

26   information and Kirk Fausett failed to present for his scheduled deposition. This led to the

27   filing of motions to compel, followed by motions for issue or terminating sanctions.

28

Eventually, the Orange County Court entered a terminating sanction against SVG and issue sanctions against the Fausetts. A true and correct copy of the court's minute order is attached hereto as Exhibit B.  Among the findings made by the Orange County Court are the following:

(1)     That the full amount of the Note plus incurred fees and costs is owed;

(2)     That the Fausetts are the alter egos of SVG and are therefore jointly and liable on the debt with SVG; and

(3)     That the Fausetts had concealed assets in an effort to avoid Ascue's claim.

The court ordered SVG's complaint stricken, entered issue sanctions against the Fausetts, and prohibited the Fausetts from presenting any evidence at trial on their denials and affirmative defenses.

11.     The court's order is dated June 24, 2010.  The matter was set for trial on July 26, 2010, which was a Monday.  On the Friday preceding trial, after approximately 4:30 p.m., Fausett sent counsel for Ascue an email, advising that the Fausetts' previously dismissed bankruptcy case had been re-opened.

12.     The matter then preceded to trial against SVG, uncontested.  Evidence of damages was presented, and the court entered judgment against SVG for the original principal, plus accumulated interest and fees and costs, for a total judgment of $277,579.50.   A true and correct copy of the judgment is attached hereto as Exhibit C.   Fausett was present for the trial. Following trial, Fausett announced to Ascue and his counsel that SVG has no assets and that since he and his wife had filed for bankruptcy, Ascue would never receive any of the money that is owed to him.  SVG has not paid any amounts toward this debt.

## FIRST CLAIM FOR RELIEF

(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)/

Intentional Fraud)

13.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-12 above, inclusive.

14.     To induce Plaintiff to invest in SVG, Kirk Fausett engaged in a fraudulent

1    scheme in which he presented a veneer of credibility for SVG which included that it was

2    legitimately authorized to transact business in California and that it had offices in Irvine.

3    Fausett also represented that SVG was engaged in a real estate development project which

4    would shortly come to fruition and which would be highly profitable and capable of repaying its

5    investors in full with a substantial rate of return.   These representations were false.   SVG was

6    never qualified to conduct business in California, its alleged office in Irvine was a sham and

7    false, Fausett had no experience in real estate development, there was no development project

8    that was near completion or capable of generating income to repay investors, and Fausett used

9    Ascue's funds not for real estate investment but to repay prior investors and to fund the

10    Fausetts' own lifestyle.  When Fausett induced Ascue to invest in SVG, he had no intention of

11    repaying Ascue. Deena Fausett assisted and encouraged Kirk Fausett's fraudulent acts.

12        15.    As a direct and proximate result of Defendants' misconduct, Plaintiff has been

13    damaged in the amount of $277,579.50, with interest, cost and fees continuing to accrue and

14    accumulate.  The Fausetts have been adjudicated as liable on this debt.  The Orange County

15    Court has also specifically held that the Fausetts have concealed assets from Plaintiff.

16        16.    Plaintiff's reliance on Defendants' misrepresentations was justifiable because

17    the matter upon which the misrepresentations were made were uniquely within the knowledge

18    of Defendants and because Plaintiff trusted them as fellow church members.

19        17.    In accordance with the trial court's findings, Defendants have fraudulently

20    concealed assets of SVG and personal assets in an effort to avoid the debt owed to Plaintiff.

21        18.    In doing the wrongful acts alleged herein, Defendants acted willfully,

22    intentionally, maliciously, and in conscious disregard of the rights of Plaintiff, thereby entitling

23    Plaintiff to recover exemplary and punitive damages in an amount according to proof to punish

24    and make an example of Defendants.

25        19.    Plaintiff is entitled to have this debt determined non-dischargeable pursuant to

26    11 U.S.C. § 523(a)(2).

27

28

1

2

## SECOND CLAIM FOR RELIEF

3

(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(6)/

4

Intentional Fraud/Willful and Malicious Conduct)

5        20.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1-19 above,

6    inclusive.

7        21.    Defendants knowingly and actively concealed their fraudulent conduct from

8    Plaintiff through material false statements, misrepresentations and omissions.

9        22.    In doing so, Defendants willfully and maliciously injured Plaintiff. The

10    fraudulent scheme was designed and perpetuated by Defendants to benefit Defendants

11    personally and to harm Plaintiff.

12        23.    Defendants were aware that their fraudulent conduct would cause harm or was

13    substantially certain to cause harm to the Plaintiff. As such, Defendants intended, through their

14    fraudulent conduct, to cause such harm.

15        24.    Defendants acted deliberately, intentionally, wrongfully and without just cause

16    and excuse. Defendants made the misrepresentations described above intentionally and

17    necessarily caused harm to Plaintiff. Plaintiff's reliance on the misrepresentations was

18    reasonable because the matters upon which the misrepresentations were made were uniquely

19    within the knowledge of Defendants and because Plaintiff trusted Defendants as fellow church

20    members.

21        25.    In accordance with the trial court's findings, Defendants have concealed the

22    assets of SVG and their personal assets to avoid paying Plaintiff the amounts due and owing to

23    him and that Defendants are jointly and severally liable for the debts of SVG.

24                            ## THIRD CLAIM FOR RELIEF

25                                (Declaratory Relief)

26        26.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1-25 above,

27    inclusive.

28

27.    A present controversy exists between Plaintiff and Defendants in that Plaintiff believes the Fausetts are jointly and severally liable on the debt owed to Plaintiff by SVG and that they have concealed and fraudulently conveyed assets to avoid that debt and Defendants dispute these contentions.

28.    Plaintiff therefore seeks a judicial declaration that the trial court's findings are binding upon Defendants and that they are the alter egos of SVG, that they are jointly and severally liable for the debts of SVG, that they have concealed assets to avoid the debt, and that the debt owed to Plaintiff in non-dischargeable in bankruptcy.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1.    For a determination that the debt owed to Plaintiff by Defendants is non-dischargeable;

2.    For the sum of $277,579.50;

3.    For punitive damages according to proof;

4.    For accrued interest;

5.    For attorney's fees incurred in pursuing this action;

6.    For a declaration that the Orange County Superior Court's finding that the Defendants are jointly and severally liable for the SVG is binding upon them and that Defendants have concealed and fraudulently conveyed assets to avoid Plaintiff's judgment;

7.    For costs of suit;

8.    For such other relief as the Court deems proper and just.

<u>PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</u>


Dated:    _11/18/10_                    LAW OFFICE OF
                                        WILLIAM H. STROHMEYER


                                        BY_____
                                        WILLIAM H. STROHMEYER
                                        Attorney For Plaintiff
                                        Americo Ascue

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. 523(a)(2) and 11 U.S.C.
523(a)(6) AND FOR DECLARATORY RELIEF

# Exhibit A

EXHIBIT __*A*__    PAGE __*8*__

# PROMISSORY NOTE SECURED WITH COMPANY ASSETS

$130,000                                                    Irvine, California

For value received, the undersigned ("Maker") promises to pay Americo and Nancy Ascue ("Payee"), the principal sum of One Hundred Thirty Thousand Dollars ($130,000), together with interest at the rate hereinafter provided for on the unpaid principal balance of this secured commercial note.

Interest shall accrue on the unpaid and outstanding principal balance of this note commencing on the date hereof and continuing until repayment of this note in full at a rate equal to 28%.   The principal shall be due and payable in full no later than February 15, 2008.

Maker shall make final payment hereunder to Payee in lawful money of the United States and in immediately available funds.

Maker waives presentment, demand, and notice of demand, protest, and notice of protest or notice of nonpayment in connection with the delivery, acceptance, performance, default or enforcement of this note or of any document or instrument evidencing any security for payment of this note.

Failure at any time to exercise any of the rights of Payee hereunder shall not constitute a waiver of such rights and shall not be a bar to exercise of any of such rights at a later date.   In the event of commencement of suit to enforce payment of this note, the prevailing party shall be entitled to receive the costs of collection including reasonable attorneys' fees and court costs.

This commercial note shall be secured by all of the Makers' assets.   Upon the occurrence of an event of default under this agreement the Payee shall have, in addition to any other rights under this agreement or applicable law, the rights without notice to Maker to take any or all of the following actions at the same or different times: a) to collect all assets in the Makers name and take control of any cash or non cash proceeds of assets; and b) to settle, compromise, extent, renew, release, terminate, or discharge, in whole or in part, any asset the Payee deems advisable.   The net cash proceeds resulting from the exercise of any of the forgoing rights, after deducting all charges, expenses, costs and attorneys fees relating thereto, including any and all costs and expenses in securing the possession of assets and preparing the same for sale, shall be applied by the Payee in the payment of the liabilities in such order and in such proportions as the payee may elect.

IN WITNESS WHEREOF, the undersigned has caused this Promissory note secured with all company assets to be duly executed as of the date first written below.


Dated: _2/ 15/ 07_

**Sunrise Venture Group LLC.**

By: _____

**Kirk L. Fausett**
**Title: Chairman/CEO**


# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _____Orange_____

On___February 14, 2007____ before me, _Gwen C. Monette_
                                        Name and Title of Officer

Personally appeared _Kirk L. Fausett_
                     Name of Signer





**Place Notary Stamp Here**

x personally known to me

To be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument

WITNESS my hand and seal

**Signature of Notary Public**

# Exhibit B

# ꓺUPERIOR COURT OF CALIFORNI. .,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

Date: 06/24/2010                    Time: 11:34:00 AM          Dept: C06

Judicial Officer Presiding: Luis Rodriguez
Clerk: Cheryl Henderson
Reporter/ERM:
Bailiff/Court Attendant:

Case No: **30-2008-00112800-CU-BC-CJC**  Case Init. Date: 10/02/2008
Case Title: **Ascue vs. Sunrise Venture Group, LLC**

Case Category: Civil - Unlimited        Case Type: Breach of Contract/Warranty

EVENT ID/DOCUMENT ID: 71009140
**EVENT TYPE**: Chambers Work

### APPEARANCES

There are no appearances by any party.

The Court having fully considered the arguments of all parties, both written and oral, as well as the evidence presented,

The Court, having taken the above-entitled matter under submission on 06/17/10, now makes the following ruling:

1. Motion For Terminating Sanctions against Defendant Sunrise Venture Group(SVG) is granted. The answer of defendant is stricken for failure to comply with the courts prior discovery orders.
2. Motion for Issue and Monetary Sanctions against Defendants Kirk Fausett and Deena Fausett is granted. The following facts are proved by the Plaintiff Americo Ascue as against Defendants Kirk Fausett and Deena Fausett:

SVG is the alter ego of Defendant Kirk Fausett;
SVG is the alter ego of Defendant Deena Fausett;
The full amount of the promissory note sued on by Plaintiff against Defendants Kirk Fausett and Deena Fausett as alter egos of SVG is due , and owing to Plaintiff
The Plaintiff is entitled under the promissory note to attorney fees and cost in bringing this action.
That SVG, Kirk Fausett, and Deena Fausett are jointly and severally liable for the full amount, attorney fees and cost under the promissory note
That SVG, Kirk Fausett and Deena Fausett have concealed assets in effort to avoid plaintiff's claim on the promissory note;
That Kirk Fausett and Deena Fausett are prohibited from presenting any evidence supporting any defenses raised in their answer. Further Kirk Fausett and Deena Fausett are prohibited from presenting any evidence to support any denials contained in their answer to Plaintiff's complaint.

The Court awards monetary sanctions in the amount of $3040.00 against defendants Kirk Fausett and Deena Fausett payable within 30 days.

DRAFT

EXHIBIT   _B_    PAGE _/2_

Case Title: **Ascue vs. Sunrise  enture Group, LLC**       Case No:  ᴗᴗ-2008-00112800-CU-BC-CJC

Court orders Defendant Sunrise Venture Group Answer filed on 11/03/08 stricken.

Plaintiff is ordered to prepare the Notice of Ruling.

Court orders clerk to give notice.

DRAFT

EXHIBIT _____ *B* _____   PAGE _____ *13*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700  W. Civic Center DRIVE
Santa Ana, CA  92702

**SHORT TITLE:** Ascue vs. Sunrise Venture Group, LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2008-00112800-CU-BC-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following
standard court practices in a sealed envelope with postage fully prepaid as indicated below.
The mailing and this certification occurred at Santa Ana, California on 06/25/2010

Clerk of the Court, by: _Cheryl Henderson_ _____ , Deputy

SUNRISE VENTURE GROUP, LLC
4000  BARRANCA PARKWAY # 250
IRVINE, CA 92604

KIRK FAUSETT
81  PINEWOOD
IRVINE, CA 92604

DEENA FAUSETT
81  PINEWOOD
IRVINE, CA 92604

LAW OFFICES OF WILLIAM H. STROHMEYER
41911  FIFTH STREET  # 300
TEMECULA, CA 92590

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

V3 1013a (June 2004)

EXHIBIT __B__    PAGE __14__

# Exhibit C

EXHIBIT ___*C*___    PAGE ___*15*___

RECEIVED

AUG 05 2010

BY:_____B. RYAN_____

SUPERIOR COURT OF CALIFORNIA
CENTRAL JUSTICE CENTER

AUG 19 2010

ALAN CARLSON, Clerk of the Court
C. Henderson
BY  C HENDERSON

1 | WILLIAM H. STROHMEYER (SB#202943)
  | Attorney at Law
2 | 41911 Fifth Street, Suite 300
  | Temecula, CA  92590
3 | 951/694- 5500 - Telephone
  | 951/694- 5524 - Facsimile
4 |
  | Attorney for Plaintiff Americo Ascue
5 |

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| AMERICO ASCUE, | Case No.30-2008-00112800 |
| Plaintiff, | [Assigned to the Honorable Luis Rodriguez, Dept. C6] |
| vs. | [PROPOSED] JUDGMENT |
| SUNRISE VENTURE GROUP, LLC; KIRK FAUSETT, DEENA FAUSETT, and DOES 1 through 10, inclusive, | |
| Defendants, | |

This matter came on regularly for trial on July 26, 2010, in Department C6 of the Orange County Superior Court, The Honorable Luis Rodriquez, presiding, sitting without a jury.  Plaintiff was present and represented by his attorney, William H. Strohmeyer, Esq.  Defendant Kirk Fausett was present.  There was no appearance by Deena Fausett.

Kirk Fausett advised the court that he and Deena Fausett had filed for bankruptcy.  It was confirmed that Defendants Kirk Fausett and Deena Fausett had filed for bankruptcy and that this matter was stayed as to them as a result of the automatic stay that arises from the filing of a Chapter 7 bankruptcy petition.

The answer of Sunrise Venture Group, LLC ("SVG")  having been previously stricken as a sanction for failing to comply with discovery orders issued by the court, and the default of SVG having been duly entered, the matter proceeded against SVG, with the Court receiving oral and documentary evidence from Plaintiff as prove-up of his damages.  This evidence

1   having been received and considered,

2          IT IS ORDERED, ADJUDGED, AND DECREED that judgment be entered for

3   Plaintiff Americo Ascue on his Complaint against Defendant Sunrise Venture Group, LLC in

4   the principal sum of $255,239, plus attorneys fees in the amount of _22,340.50_,

5   plus interest at the rate of 10% per annum from the date of entry of this judgment until paid.

6

7

8                                                    LUIS A. RODRIGUEZ
    Dated:    _8-19-10_                    _____
9                                              JUDGE OF THE SUPERIOR COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __C__   PAGE __17__

1     *Ascue v. Sunrise Venture Group, LLC, et al.*
       *Case No. 30-2008-00112800*

2                            **PROOF OF SERVICE**

3        I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action; my business address is 41911 Fifth Street, Suite 300,

4 Temecula, California 92590.

5        On August 3, 2010, I served the foregoing document(s) described as **[PROPOSED] JUDGMENT** on the below interested parties in this action by placing a true copy thereof

6 enclosed in sealed envelopes and addressed as follows:

7        Sunrise Venture Group, LLC        Deena Fausett
       Kirk Fausett                      81 Pinewood, #41

8        81 Pinewood, #41             Irvine, CA 92604
       Irvine, CA 92604

9

10        Kirk Fausett
       81 Pinewood, #41
       Irvine, CA 92604

11

12 (X)     **VIA MAIL-** In accordance with the regular mail collection and processing practices of this business office, with which I am familiar, by means of which mail is deposited with

13 the United States Postal Service at Temecula, CA, that same day in the ordinary course of business, I deposited such sealed envelope for collection and mailing on this same

14 date following ordinary business practices.

15 ( )     **PERSONAL SERVICE -** I caused such envelope to be delivered by hand to the offices of the addressee pursuant to C.C.P. §1011.

16 ( )     **VIA OVERNIGHT DELIVERY-** I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to C.C.P. §1013(c). Said

17 document was deposited at the box regularly maintained by said express service carrier.

18 ( )     **VIA FACSIMILE -** I further caused such document to be delivered to the office of counsel for Plaintiff via facsimile machine on the date set forth above.

19

20        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this

21 Court at whose direction the service was made.

       Executed on August 3, 2010, at Temecula, California.

22

23                                            William H. Strohmeyer

24

25

26

27

28